[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the Petitioner, John Malone, filed a Petition for Writ of Habeas Corpus on February 4, 1994. He filed an Amended Petition on June 17, 1996. The Respondent filed a Return to the amended petition on June 26, 1996. The Petitioner was arrested on October 7, 1992 and charged as an Accessory to Murder. A hearing in probable cause was held on November 12, 1992 CT Page 8643 and probable cause was found to charge the Petitioner with the crime of murder. The Petitioner was found guilty by a jury on June 25, 1993 of the crime of being an accessory to murder in violation of Connecticut General Statutes § 53a-8 and §53a-54a(a). The Petitioner was sentenced to thirty-five years incarceration for the crime. During the trial the Petitioner was represented by William Holden who was then Chief Public Defender for the Judicial District of Fairfield. William Holden is now a Superior Court Judge.
The Petitioner alleges in his Petition that his trial counsel provided representation of a quality below the standard reasonably expected of members of the criminal trial bar in one or more of the following respects:
(a) He failed to fully and effectively cross-examine Harold Hopkins at the November 12, 1992 Probable Cause hearing;
(b) He failed to locate or interview or call Harold Hopkins or to have him interviewed, even though Hopkins' location was known or with reasonable diligence could have been determined, and Hopkins' statements to others prior to the Probable Cause hearing were known to be inconsistent with Petitioner's guilt and with each other.
(c) He confined the cross-examination of Harold Hopkins on November 12, 1992 to the factual question of whether or not the Petitioner was the shooter, when he knew or should have known that the State relied on a theory of vicarious liability;
(d) he failed to introduce statements of Harold Hopkins given to the police and which were inconsistent with the November 12, 1992 testimony into evidence to rebut the recorded testimony of Hopkins introduced at trial.
Judge William Holden testified in this matter. Harold Hopkins testified at the Petitioner's Probable Cause Hearing. At that time the Petitioner was charged as a principal in this crime. Prior to that date Mr. Hopkins had given three different statements to the police. (Exhibits G, H and I) Judge Holden's cross-examination of Mr. Hopkins at the Probable Cause hearing was very brief. He testified that Harold Hopkins made a bad witness and he looked forward to cross-examining him at the trial. However when the trial commenced, neither the State nor the defense could locate Mr. Hopkins. Judge Holden testified that CT Page 8644 there was much evidence entered against the Petitioner at the Probable Cause hearing. He stated that when a defense attorney in a Probable Cause hearing believes that probable cause will be found against his client the attorney's examination of witnesses is brief. He stated the reason for this strategy is that if probable cause is going to be found against your client you should not divulge what defenses you have or what strategies you will employ during the actual trial. To do so only forewarns the state and allows it to be prepared for such defenses and/or strategies at trial. When Mr. Hopkins failed to be available as a witness during the trial, the court allowed the jury to hear the testimony he gave during the probable cause hearing. The trial Judge overruled the Petitioner's objections to this testimony and he was affirmed at 40 Conn. App. 470.
Judge Holden testified that Detective Perez of the Bridgeport Police Department was the most pivotal witness that the State offered. He stated that he cross-examined Detective Perez about the differences in the three statements Mr. Hopkins gave him. (Exhibit C at page 123). Judge Holden testified he impeached Harold Hopkins through Detective Perez without Mr. Hopkins being present and without allowing the jury to hear the incriminating statements Mr. Hopkins made about the Petitioner. Judge Holden testified that in his opinion the three statements Harold Hopkins gave to Detective Perez were incriminating to the Petitioner because those statements talked about guns, drugs and killings, every thing that you do not want a jury to hear. (Exhibits G, H and I).
The state offered to allow Harold Hopkins three statements (Exhibits G, H and I) into evidence if the Petitioner wished. Judge Holden testified that he decided against offering these statements (Exhibits G, H and I) into evidence because in his opinion they hurt the Petitioner more than they helped him. Judge Holden testified that he had no independent recollection of trying to locate Harold Hopkins during the trial but he is sure that he did. He believed that the Petitioner gave him the name of Mr. Hopkins' employer and that he checked it out. Judge Holden further testified that Harold Hopkins unavailability was neutralized because Detective Perez called him a liar. Judge Holden testified that the best the Petitioner could have hoped for if Mr. Hopkins testified at trial was that he would have retracted his prior statements (Exhibits G, H and I). He further testified that if that occurred those statements would have been admissible into evidence under State v. Whalen.
CT Page 8645
Harold Hopkins testified during this hearing. He stated that he worked at United Printing 1100 Boston Avenue, Bridgeport, Connecticut until May 1993 when that firm closed. He stated he could not recall if he was served a subpoena in hand to appear at the Petitioner's trial in June 1993. He testified he was not aware that the State was looking for him to be a witness in the Petitioner's trial.
"Our Supreme Court has adopted the two-pronged analysis ofStrickland v. Washington, supra, to determine if counsel's assistance was ineffective. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 455, 610 A.2d 598 (1992). Sekou v.Warden, 216 Conn. 678, 690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v.Commissioner of Correction, supra; Hull v. Warden, 32 Conn. App. 170,174, 628 A.2d 32 (1993); Siano v. Warden, supra."
"`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment . . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances . . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' (Citations omitted; internal quotation marks omitted.) Siano v.Warden, supra; Hull v. Warden, supra; Copas v. Warden, supra, 683-84.
"`To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable . . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal . . . . The second prong is thus satisfied, if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional CT Page 8646 errors, the result of the proceeding would have been different.' (citations omitted; internal quotation marks omitted). Siano v.Warden, supra, 98; Bunkley v. Commissioner of Correction, supra, 454-55." Davis v. Warden, 32 Conn. App. 296, 301-303,629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701 (1993). Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701, 702 (1995).
In this matter every action but one that the Petitioner challenged was in this court's opinion sound trial strategy practiced by his trial counsel. As to the one action that did not involve trial strategy the Petitioner did not sustain his burden of proof.
After hearing the evidence this court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra, as to any of the allegations in his Amended Petition dated June 14, 1996. He has not proved that his counsel's representation of him was deficient. Further he has not proved that he was prejudiced by his attorney's representation of him.
For the above reasons the Petitioner's habeas corpus petition is denied.
William J. Sullivan, Judge